STATE OF INDIANA *v.* TROTTER ET AL.

[No. 26,921. Filed April 28, 1938.]

*Omer S. Jackson,* Attorney-General, *Caleb J. Lindsey,* Assistant Attorney-General, and *Adney & Adney,* for the State.

*Means & Beunting, Robinson, Symmes & Melson, Edgar J. Blessing, Rogers & Smith* and *Parr, Parr & Parr,* for appellees.

FANSLER, J.—This is an action under the eminent domain statute to condemn 12.88 acres of farm land for highway purposes. There was a trial, and judgment for the appellees for $13,600. The verdict of the jury was $11,000, but before trial an agreement was made between the parties concerning the tile drainage system on the farm and the drainage system to be installed in the highway to be constructed, and it was agreed and stipulated that damage to the drainage system on the farm was not to be treated as an element of damages in the trial before the jury, but that $2,600 should be added to any verdict rendered by the jury to cover this item of damage.

Error is assigned upon the overruling of appellant's motion for a new trial.

The appellees' farm consists of 350 acres, triangular in shape, with public highways on two sides. The third side is paralleled by a steam railroad, and the land sought to be condemned adjoins the railroad, and lies, partly at least, upon ground formerly occupied by an electric interurban railroad. Thus when the highway, for which the land involved is appropriated, is completed there will be public highways on all sides of appellees' farm. Appellees use their farm, principally at least, in raising turkeys. The appellees were permitted to prove, over objection, that 650 turkeys had been stolen from the farm in 1935, and witnesses were permitted to give their opinion that the liability to theft would be increased by the building of the highway. It is appellees' theory that a new and improved highway adjacent to the farm will make it more accessible to the public; that there will be more opportunity to steal turkeys; that their loss by reason of theft will be greater; and that consequently their farm has been made less valuable. Increased danger of theft by reason of the building of a highway or railroad

is too remote and speculative for consideration as an element of damages to land. The admission of this evidence was erroneous. *Indianapolis, etc., Traction Co.* v. *Larrabee et al.* (1907), 168 Ind. 237, 80 N. E. 413; *Indianapolis, etc., R. Co.* v. *Branson et al.* (1909), 172 Ind. 383, 86 N. E. 834, 88 N. E. 594; Elliott on Railroads (3rd Ed.) Vol. 2, §1254, p. 825; *Kansas City, etc., R. Co.* v. *Kregelo* (1884), 32 Kan. 608, 5 Pac. 15; *Yazoo, etc., R. Co.* v. *Jennings et al.* (1907), 90 Miss. 93, 43 So. 469, 122 Am. St. Rep. 312.

There was also testimony concerning the cost of watchmen to prevent theft. The appellees were permitted to prove that turkeys were of such a nature that they would leave their food and follow visitors around, and that after they had been disturbed by people it would take two or three days for them to recover and again eat properly; that the building of the highway in question would make it necessary to build a commercial fence 9 feet high along the road at a cost of $7,000 in order to keep trespassers out, and another ordinary fence 300 feet inside the commercial fence in order to keep the turkeys away from the highway so that they would not be disturbed in their feeding. The admission of this latter evidence is not assigned as error, but it must have been admitted upon the same theory as the evidence objected to, and the appellant was not required to save the question as to all evidence of the character involved.

It is clear from the theory upon which the case was tried that the jury must have been influenced by a consideration of this evidence, involving as it did speculative and insubstantial matters concerning the effect upon the feeding of turkeys and their liability to theft. The appellant tendered several instructions upon the subject, which were refused.

A number of instructions were tendered by the appel-

lant to the effect that, in fixing the damage to the land, the jury should not include as an element of damage any amount for the building of fences. These instructions were properly refused. It seems that there was no fence between the farm and the right of way of the railroad. It may be that no fence was required in order to keep the appellees' turkeys on their land. The state is not required to build fences upon its right of way, and if, to continue operation, it was reasonably necessary to build fence, this would be a burden upon the land, which the jury was entitled to consider in determining how much the land was damaged. No instruction was tendered or given concerning the so-called commercial fence, but, since an objection may be made to evidence concerning such fencing at another trial, it is well to suggest that evidence of such a fence, designed not to answer the ordinary purpose of a farm fence, or to keep in stock or turkeys, but designed to protect against theft or trespassers, should be excluded. Such an item of expense is not properly an element to be considered in fixing the damage to the land.

It appears that there was a considerable deposit of gravel upon the surface of the strip of land taken by the state. This gravel had been deposited as ballast upon the right of way. It was an artificial deposit, which might have been used there or elsewhere for roadways. It must be considered of the same character as an improvement upon the farm, and, since it was taken, it was proper to permit proof of its value.

A more detailed discussion of the instructions, and some errors sought to be presented, is not deemed necessary. The case has been thoroughly briefed upon this appeal, and the authorities cited in the briefs fully disclose the well-settled rules governing this sort of

proceeding, and there should be no great difficulty in avoiding error in another trial.

Appellees seek to avoid the effect of the erroneous admission of evidence, concerning damage by theft and by the effect of crowds upon their turkeys, upon two grounds.

Before the judgment was entered a draft of the entry was prepared and submitted to the parties. By this entry the agreement of the parties was carried out, and $2,600 was added to the amount of the verdict, and judgment given for the full amount. This order seems to have been submitted to the attorneys for the appellant, and it was marked "O. K." and signed by appellant's attorneys. For some reason, in copying the order in the order book, the clerk included the "O. K." and the signatures of the appellant's attorneys. The appellees contend that, by thus approving the order book entry, the appellant consented to the judgment, and is therefore not in a position to question it on appeal. This contention is not taken seriously. It is a quite common practice to submit a draft of a decree or judgment to the parties before entering it so that they may have an opportunity to see that their rights are protected. The approval of such a decree or order cannot be treated as a waiver of errors, objections, and exceptions.

The appellees also contend that, since in this proceeding it is recognized that the appellees are entitled to recover something, the appellant's objection is only to the amount of the judgment; that error based upon assessment of the amount of recovery, the fifth statutory cause for new trial, can only be presented by assigning specifically that there is error in the assessment of the amount of recovery; that, although the appellant assigned error in the assessment of the amount of recovery, in that it is too large, as a

cause for a new trial, it has not in its propositions, points, and authorities briefed that question, and that therefore all other error is waived. This contention seems to indicate that the appellees misapprehend the rule. The fourth cause for a new trial, that the damages are excessive, which applies to tort cases only, and the fifth cause, "error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract or for the injury or detention of property," involve questions of law only. Such causes for a new trial are only available in the motion or on appeal where it appears that the amount of the damages or recovery is too large or too small as a matter of law. If, taking into consideration all of the evidence most favorable to the successful party, the court can say that the recovery is too large, then, and only then, is the complaining party entitled to a new trial, or a reversal for failing to grant it, upon those grounds; but there may be cases, as here, where, under the evidence, there is some latitude as to the amount. The jury was permitted to consider improper elements. What the amount of its verdict would have been if it had been limited to a consideration of proper elements cannot be known. The appellant was entitled to have the case determined lawfully, and to have the advantage of the exclusion of incompetent evidence, even though it has not presented the contention that the assessment of the amount of recovery is unlawful because too large.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.