STATE OF INDIANA *v.* MABEL KATHLEEN HESLAR, EXECUTRIX OF THE ESTATE OF OLA FRED HESLAR, ET AL.

[No. 970S216. Filed January 20, 1972.]

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellant.

*Robert Lowe, Jr., Robert Hollowell, Jr., Lowe Linder Gray Steele & Wiles,* of counsel, of Indianapolis, for appellee.

HUNTER, J.—Appellee Johnson Chevrolet Co., Inc., has petitioned for a rehearing in this cause. Appellee has raised two issues which were not discussed in our previous opinion. Johnson Chevrolet contends that since the appellant signed the judgment as approved it has no basis for appeal. We cannot agree. The situation is quite similar to that which arose in *State* v. *Trotter* (1938), 214 Ind. 68, 14 N. E. 2d 550. It was there stated:

"Before the judgment was entered a draft of the entry was prepared and submitted to the parties. By this entry the agreement of the parties was carried out, and $2,600 was added to the amount of the verdict, and judgment given for the full amount. This order seems to have been submitted to the attorneys for the appellant, and it was marked 'O.K.' and signed by appellant's attorneys. For some reason, in copying the order in the order book, the clerk included the 'O.K.' and the signatures of the appellant's attorneys. The appellees contend that, by thus approving the order book entry, the appellant consented to the judgment, and is

therefore not in a position to question it on appeal. This contention is not taken seriously. It is a quite common practice to submit a draft of a decree or judgment to the parties before entering it so that they may have an opportunity to see that their rights are protected. The approval of such a decree or order cannot be treated as a waiver of errors, objections, and exceptions." 214 Ind. at 73, 14 N. E. 2d at 552.

So too in the case at bar, it cannot seriously be contended that appellant intended to waive all errrors and its right to appeal. The right of appeal is favored in the law and will not be deemed to have been waived except on clear and decisive ground. *Moore* v. *Moore* (1922), 81 Ind. App. 169, 135 N. E. 362. There are certainly no clear and decisive grounds to indicate that appellant intended to waive its right to appeal, especially in light of the fact that a motion to correct errors was filed and an appeal promptly taken.

Appellee cites two cases for the proposition that such a signing constituted a waiver, *Miller* v. *Miller* (1967), 142 Ind. App. 90, 231 N. E. 2d 828 and *State* v. *Huebner* (1952), 230 Ind. 461, 104 N. E. 2d 385. Both can clearly be distinguished from the instant case. In the *Miller* case, both parties actively participated in drafting the decree and no appeal was taken. When one of the parties later attempted to collaterally attack the validity of the prior judgment the Appellate Court held that since he had received the benefits of the prior judgment he was not estopped from attacking it. *Huebner* involved a consent decree in which the parties together stipulated the finding of facts and the conclusions of law and handed these stipulations to the judge in open court evidenced by the written O.K. of their attorneys of record. This Court felt that in such an instance the judge was not called upon to perform a judicial act but his function was only ministerial. Such an agreement was considered a *contract* which did not represent the judgment of the court but merely recorded the agreement of the parties with respect to all rights and matters in that litigation,

and as such was not reviewable by appeal. This was clearly not the situation in the instant case.

Appellant in this case certainly did not intend to waive its right to appeal by such a signing, nor was it a result of an agreement between the parties. Appellant received no benefit from the judgment and an appeal was promptly initiated. In no sense can a waiver of the right of appeal be inferred.

Appellee's second contention is that appellant failed to set forth statements of any specific issues which it presented for appeal. It is well established that appeals will be decided on the merits whenever possible. *State* v. *Furry* (1969), 252 Ind. 486, 250 N. E. 2d 590; *Lehr* v. *First National Bank of Mishawaka, Administrator* (1962), 243 Ind. 353, 185 N. E. 2d 521. Appellant was quite adequate in its presentation of the issues and we find no merit in appellee's contention to the contrary.

Petitioner's remaining issues were fully discussed in our previous opinion and need no comment here. For the foregoing reasons this petition for rehearing is denied.

Petition for rehearing denied.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler. J., votes to grant rehearing without opinion.

NOTE.—Reported in 274 N. E. 2d 239, 261.