STATE OF INDIANA *v.* MAPLEWOOD HEIGHTS CORPORATION,
GENERAL HOMES OF LAFAYETTE, INC., DELUXE BUILDERS,
INC.; LAFAYETTE BUILDERS, INC., ROBERT L. SITES;
IRMA JEAN STEVENS; MARTHA J. CHATHAM;
EDNA L. SMITH; ESTHER L. PRIMMER.

[No. 870S185.  Filed October 31, 1973.]

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy
Attorney General, for appellant.

*Vaughan and Vaughan, Charles R. Vaughan,* of Lafayette, for appellees.

PRENTICE, J.—This is an appeal by the State of Indiana, Plaintiff (Appellant), from the judgment upon a verdict of a jury fixing the damages of the defendant (appellee) following appropriation of its land for a highway project. Defendant has moved to dismiss the appeal upon the grounds, (1) that the judgment was prepared and approved by the plaintiff, and (2) that the appeal presents only a moot question. The motion is now denied.

(1) To support the first alleged ground for dismissal, Defendant cites us to Trial Rule 54(B) providing that attorneys shall not submit forms of judgment, except upon direction of the court. There is nothing in the record to disclose who submitted the form of judgment or whether or not it had been directed by the court. Hence the error, if any, is not disclosed by the record and will not be reviewed. Error alleged but not disclosed by the record is not a proper subject for review. *Cooper* v. *State* (1972), 259 Ind. 107, 284 N. E. 2d 799; *Fortune* v. *State* (1937), 212 Ind. 325, 9 N. E. 2d 81; *Campbell* v. *State* (1897), 148 Ind. 527, 47 N. E. 221. This rule is as valid and as necessary with respect to motions to dismiss as it is upon appeals.

The record discloses that the judgment entry bore an endorsement of approval signed by counsel for both parties. We regard this as an approval as to form only and not as indicative of an agreed or consent judgment or waiver of errors in the right of appeal. *State* v. *Trotter* (1938), 214 Ind. 68, 14 N. E. 2d 550. Further, payment of the judgment by the State did not operate as a waiver. *McConnell, Admx.* v. *Thomson, Tr.* (1937), 213 Ind. 16, 8 N. E. 2d 986, 11 N. E. 2d 183, and cases there cited.

(2) The assertion of mootness is without merit. In support of this charge, the defendant alleges that nearly all of the proceeds of the judgment have been expended in the

normal course of its business and that its funds are insufficient to enable it to repay the judgment. Again, there is nothing in the record to disclose the defendant's alleged financial condition Even if there were, however, it would not render the appeal moot. Defendant has cited no authority in support of this novel contention.

Proceeding to a review of this appeal upon the merits, we find that the appropriation was of land that the defendant was in the process of subdividing and developing into a residential subdivision. Defendant was so developing its land in three sections. The first two sections had been completed, or essentially so, but the final plat for the third section had not yet had the final approval of the city plan commission, a prerequisite to its recordation in the office of the county recorder, nor had all of the physical improvements been made therein.

It is with this third section that we are here concerned. The issue is the admissibility of valuation testimony of the defendant's expert witnesses. The defendant's three appraisers made a "team" appraisal, i.e. they worked together and their work product was an appraisal with which they all agreed. Each testified that they regarded the highest and best use for the land to be development as a residential subdivision, both before and after the appropriation. The quality of the lots to be developed, however, would be reduced by reason of the appropriation, and the sales price thereof would accordingly be diminished. These witnesses testified as to the before and after values and the resulting damages and as to their appraisal procedure, hereinafter related. They appraised the value of the finished lots, first as planned by the defendant prior to the appropriation and secondly in accordance with a plan of their own which they regarded as being the best plan for utilizing the land remaining after the appropriation. From their total appraised sale value under each plan, they subtracted the estimated development costs attributable to it. From each of these products, they further subtracted a sum which they called "discount" to compensate for the estimated

nine years period that would be required to so develop, market and sell the lots under either plan. These net products they attributed to the value of the land and the difference between the two was their appraisal of the damages.

At appropriate times, counsel for the plaintiff objected and moved to strike the valuation testimony of the witnesses, upon the grounds that the appraisal was predicated upon an erroneous basis, that is that the land was appraised as lots within a subdivision, whereas the subdivision plat had not yet been recorded. Plaintiff relies upon *Northern Indiana Public Service Co.* v. *McCoy et ux.* (1959), 239 Ind. 301, 157 N. E. 2d 181, which we recently criticized and clarified in *Southern Indiana Gas & Electric Company* v. *Riley et al.* (1973), 260 Ind. 643, 299 N. E. 2d 173. As stated therein, the fallacy of treating land as subdivision land or as farm land depending upon whether or not a plat thereof had been recorded, is the conclusion that there is magic in the recording of a subdivision plat. Obviously the highest and best use of the land is not transformed from one thing into another by that ministerial act.

The testimony complained of was inadmissible, but not for the reason cited by counsel to the trial judge, and we are not at liberty to reverse for error not properly raised and preserved. When evidence is admitted over objection, the correct grounds for the objection must have been cited, and a valid basis for the objection differing from the one cited at the trial may not be used upon appeal. *Jones* v. *State* (1973), 260 Ind. 463, 296 N. E. 2d 407.

The testimony should have been objected to upon the basis that it was speculative and likely to mislead the jury, in that it treated the land as developed residential lots, rather than as undeveloped or partially developed land having residential lot development as its highest and best use. Further, even if we were to accept such speculations, the witnesses made no allowance for risk

and profit. Unquestionably, the process utilized by the witnesses was basically the same as that which a prudent developer would employ to arrive at the price he would pay for land to develop. Properly guarded, we think such evidence could be presented by way of explaining the basis for the appraisal. In eminent domain proceedings, it is proper to take into consideration all facts that an ordinarily prudent man would take into account before forming a judgment as to the market value of the property he contemplates purchasing. *Gradison* v. *State* (1973), 260 Ind. 688, 300 N. E. 2d 67. The court, however, should be very cautious in receiving such testimony, to be certain that it is presented in proper context, always remembering that the issue is the fair market value on the date of the appropriation. The use to which land may reasonably be devoted is a factor that bears upon its value, although it may never have been put to that use. An owner, however, is not entitled to be compensated for improvements that he has not yet made nor for profits that he might earn in the future, if he were to devote his land to a particular use. The matter has recently been more fully treated in *Gradison* v. *State, supra.*

We find no reversible error, and the judgment of the trial court is affirmed.

Arterburn, C.J. and Givan and Hunter, JJ, concur; DeBruler, J., concurs in result.

NOTE.—Reported in 302 N. E. 2d 782.