381 N.E.2d 451 (1978)
Robert T. HENDERSON, Appellant,
v.
Frances Irene HENDERSON, Appellee.
No. 778S144.
Supreme Court of Indiana.
October 11, 1978.
David S. McCrea, McCrea & McCrea, Bloomington, for appellant.
Lewellyn H. Pratt, Applegate & Pratt, Bloomington, for appellee.

ON PETITION TO TRANSFER
GIVAN, Chief Justice.
This cause comes to us on a stipulated joint petition to transfer by both parties. The trial court orally entered a divorce decree and requested appellee's attorney to draft the decree in accordance with his decision. The decree was drafted and was signed as "approved" by the attorneys for both parties. Appellant then timely perfected an appeal contesting the propriety of a portion of the decree. The Court of Appeals affirmed the trial court on the ground that the appellant had waived any error in the judgment when his attorney signed and approved the decree. The Court of Appeals did not review the merits of the appeal. The parties in their petition to transfer have stipulated that the signature of appellant's attorney was an approval only as to the form and not the substance of the decree.
In the case of State v. Trotter, (1938) 214 Ind. 68, 14 N.E.2d 550, this Court stated:
"Before the judgment was entered a draft of the entry was prepared and submitted to the parties. By this entry the agreement of the parties was carried out, and $2,600 was added to the amount of the verdict, and judgment given for the full amount. This order seems to have been submitted to the attorneys for the appellant, and it was marked `O.K.' and signed by appellant's attorneys... . It is a quite common practice to submit a draft of a decree or judgment to the parties before entering it so that they may have an opportunity to see that their rights are protected. The approval of such a decree or order cannot be treated as a waiver of errors, objections, and exceptions."
214 Ind. at 73, 14 N.E.2d at 552.
This rule of law was recently cited and reaffirmed by this Court in State v. Maplewood Heights Corp., (1973) 261 Ind. 305, 302 N.E.2d 782 and State v. Heslar, (1972) 257 Ind. 625, 277 N.E.2d 796.
In the case at bar it is apparent that the signature of the appellant's attorney was intended to operate as an approval of the form but not the content of this divorce decree. Thus, the appellant has waived no error.
Accordingly, we grant transfer, vacate the opinion of the Court of Appeals and *452 remand this cause to that court for a decision on the merits of this appeal.
DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.