**Joseph R. BROKAW, Appellant (Respondent Below),**

v.

**Nancy P. BROKAW (now Hayes), Appellee (Petitioner Below).**

No. 3–879A236.

Court of Appeals of Indiana, Third District.

Jan. 23, 1980.

---

Thomas E. Wilson, Angola, for appellant.

STATON, Judge.

This appeal arises from a modification of a child support order in which Joseph R. Brokaw was required to pay $140 weekly until his son had reached 21 years of age or

had completed his undergraduate college education. On appeal, Brokaw raises basically one issue for our consideration. Did the trial court err when it ordered him to continue making support payments after his son's eighteenth birthday?

We affirm.

The facts relevant to our disposition of the case indicate that a Decree of Dissolution was entered on behalf of Nancy Brokaw (now Hayes) and Joseph R. Brokaw on December 2, 1975. A property settlement agreement, which included provisions dealing with child custody and support, was approved by the court and made part of its decree. The pertinent portion of these provisions is as follows:

"6. *SUPPORT* The Husband shall pay to Wife the sum of Five Hundred and 00/100 Dollars ($500.00) per month for her use and benefit in the care, support and maintenance of the minor child, *subject, however, to any limitations or modifications hereinafter imposed by any court having jurisdiction over such matters*, such payments to continue until such child reaches the age of eighteen (18) years or becomes self-supporting, whichever shall first occur. . . ." (Emphasis supplied.)

On February 28, 1977, Brokaw obtained custody of his son, Scott, after filing a petition for Modification of Child Custody. The court returned custody to Mrs. Hayes after she filed a petition for Modification of Child Custody on February 16, 1978. On March 21, 1978, the court entered an order which modified the support provisions in its original decree:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

\*   \*   \*   \*   \*   \*

"2. The respondent is ordered to pay the tuition costs, book expenses, lab fees, and other similar fees of Scott A. Brokaw while he attends the Fort Wayne Indiana-Purdue campus, said payments are to

be made directly to the institution or bookstore in question.

"3. The respondent is ordered to pay to the petitioner an amount equal to $140.00 per week as child support for the care, maintenance and comfort of Scott A. Brokaw. . . .

\*   \*   \*   \*   \*   \*

"5. The provisions of a certain support decree of December 2, 1975, that are not inconsistent with this order are hereby reinstated."

Brokaw made the $140 weekly payments until July 4, 1978, one month before Scott's eighteenth birthday. Upon his termination of these payments, Mrs. Hayes filed a petition for Rule to Show Cause on October 23, 1978. In it, she requested that Brokaw appear and show cause why he should not be cited for contempt of court and asked "for all other proper relief in the premises." Brokaw responded by filing a Motion to Dismiss, which was denied by the court on March 29, 1979. The court's findings and judgment, which are pertinent to this appeal, are as follows:

"Wherefore, it is now ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

\*   \*   \*   \*   \*   \*

"4. That Joseph R. Brokaw is ordered to pay support in the amount of $140.00 per week until said Scott A. Brokaw completes his undergraduate college education provided he continues in a diligent fashion towards obtaining a degree in the normal time period, or until he reaches 21 years of age, whichever occurs later. That Joseph R. Brokaw is hereby admonished to petition this Court for modification of decree before taking any unilateral action regarding termination of support under claim of emancipation or change of circumstances, etc."

Brokaw argues that the provision in the original decree, which dealt with the termination of support upon Scott's eighteenth birthday, was never modified by the court.

He contends that the issue of extension of support was not before the court on March 29, 1979, when it ordered him to continue paying support until Scott was 21 years of age or had completed his undergraduate degree, whichever occurred later. The only issue facing the court at that time, Brokaw argues, was whether he was in contempt because of his termination of payments. We disagree.

During the minority of a child, the court has continuing jurisdiction and the power to order modification of support. *Kniffen v. Courtney* (1971), 148 Ind.App. 358, 266 N.E.2d 72. Even though an agreement providing for payment in support of minor children has been made part of a divorce decree, the court may subsequently modify it as to custody and support if the circumstances warrant. *Carson v. Carson* (1950), 120 Ind.App. 1, 89 N.E.2d 555. A parent cannot, by his own contract, relieve himself of the legal obligation to support his minor children. *Carson, supra.* IC 1971, 31–1–11.5–12(d) mandates:

> "The duty to support a child under this chapter ceases when the child reaches his twenty-first birthday unless:
>
> "(1) The child is emancipated prior to his twenty-first birthday in which case the child support, except for educational needs, terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court."

In addition, IC 1971, 31–1–11.5–17(b) states:

> "Unless otherwise agreed in writing, or expressly provided in the order, provisions for child support are terminated by the emancipation of the child . . . ."

A contract made in violation of a statute is void. *Maddox v. Yocum* (1941), 109 Ind. App. 416, 31 N.E.2d 652; *also see* cases cited in 6 I.L.E. *Contracts* § 83 (1958). If a contract contains an illegal provision which can be eliminated without destroying the symmetry of the contract, the court will enforce the remainder of the provisions. *Crescent·City Aviation, Inc. v. Beverly Bank* (1966), 139 Ind.App. 669, 219 N.E.2d 446.

An examination of these statutes reveals that the duty to support a minor child ceases upon the child's twenty-first birthday unless that child has become emancipated at an earlier date. Judge Shields in *Ross v. Ross* (1979), Ind.App., 397 N.E.2d 1066, explains:

> "Sections 12 and 17 of IC 31–1–11.5 (Burns Code Ed. 1979 Supp.) define the perimeters of an obligated parent's duty under a support order. Unless the trial court makes a special finding to extend the support obligation, those sections terminate the duty of a supporting parent to an individual child when the child attains the earlier of emancipation or twenty-one. . . ."

If Scott had become emancipated upon his eighteenth birthday, then Brokaw might be able to convince us that his termination of support was not contrary to law. However, this is not the case.

Emancipation frees a child from the care, custody and control of its parents. *Stitle v. Stitle* (1964), 245 Ind. 168, 197 N.E.2d 174. What constitutes emancipation of a minor child is a question of law, but whether there has been an emancipation is a question of fact. *Stitle, supra.* Emancipation of a child is never presumed, but must be established by competent evidence. Such evidence may be circumstantial. It may also be demonstrated by express agreement or by the conduct and acts of the parent and child. *Allen v. Arthur* (1966), 139 Ind.App. 460, 220 N.E.2d 658.

The evidence presented at the hearing indicates that Scott was not yet emancipated. Testimony showed that he lived with his mother and his stepfather who provided him with housing, food and often transportation. They had also paid his medical bills, college tuition and book fees.

Brokaw's argument that the original support provision was a contract in which Mrs. Hayes had agreed to allow him to terminate

support upon Scott's eighteenth birthday was contrary to law. In its order of March 29, 1979, the court merely extended the terms of the support order to comport with the statutory mandate. His argument that, in considering Mrs. Hayes's petition for Rule to Show Cause, the court was without jurisdiction to enter this order is meritless. *See Haycraft v. Haycraft* (1978), Ind.App., 375 N.E.2d 252, in which the support order was modified as the result of contempt proceedings brought by Ms. Haycraft.

We affirm.

HOFFMAN, J., concurs.

GARRARD, P. J., concurs in result.