Robert T. HENDERSON, Appellant
(Respondent Below),

v.

Frances Irene HENDERSON, Appellee
(Petitioner Below).

No. 1–277–A–35.

Court of Appeals of Indiana,
First District.

March 10, 1980.

McCrea & McCrea by David S. McCrea, Bloomington, for appellant.

Applegate & Pratt by Lewellyn H. Pratt, Bloomington, for appellee.

ROBERTSON, Presiding Judge.

This appeal comes to us from the Indiana Supreme Court which vacated our earlier opinion and remanded the cause to us to determine on its merits. *Henderson v. Henderson* (1978), Ind., 381 N.E.2d 451. We reverse and remand.

The appellant Robert T. Henderson (Husband) raises one issue concerning the property settlement in the dissolution of marriage action below. This issue is whether it is an abuse of discretion for the trial court, upon awarding the real estate to Frances I. Henderson (Wife), to create a lien of $5,500 in favor of the Husband on the real estate "to be retired or paid to Robert T. Henderson at such time as Frances Irene Henderson decides to sell said real estate" and to further award up to $4,000 to the Husband upon a split of the equity of the real estate when the Wife sells. No provision for interest was made.

The Husband objects to the contingent nature of his award, noting that there is no indication that the Wife wishes to sell, no economic motivation to sell and no manner in which the Husband can compel her to sell it. In short, the Husband characterizes the award as "illusory".

Ind.Code 31–1–11.5–11 provides in pertinent part:

Disposition of Property (a). In an action pursuant to section 3(a) of this chapter, *the court shall divide the property* of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or, acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one (1) of the spouses and requiring either to pay such sum, either in gross or in installments, as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and divide the proceeds of such sale. (Emphasis added)

▮▮ It is well-recognized that the trial court has broad discretionary power to dispose of the marriage property. *In re Marriage of Hirsch*, (1979) Ind.App., 385 N.E.2d 193. A trial court has the power to transfer real property between the parties to meet the statutory requirement of reasonable and just. *Plese v. Plese*, (1970) 146 Ind. App. 545, 257 N.E.2d 318. On review, we will not weigh the evidence, but will examine the division only for an abuse of discretion. *In re Marriage of Hirsch, supra.*

This appears to be a case of first impression in Indiana.

We are impressed by two Colorado cases in which the trial court gave one of the divorced parties the power to determine when or what property would be divided. In *Santilli v. Santilli*, (1969) 169 Colo. 49, 453 P.2d 606, the trial court allowed one of the parties to divide the stock of the marriage property. The appellate court noted that the Colorado statute, just as our statute, states that *the court* shall divide the property. The appellate court found an abuse of discretion in delegating this duty to one of the parties. In *Mock v. Mock*, (1973) Colo.App., 508 P.2d 136, the trial court granted one of the parties a $40,000 interest in certain real estate with the allowance of 6% interest thereon. The trial court, as in this case, did not provide a deadline for the liquidating of this interest and the appellate court found reversible error, noting again that the trial court cannot delegate to a party the discretion to divide the property.

▮▮ Our statute also states that "*the court* shall divide the property." We determine it is reversible error to delegate to one of the parties the power to decide when, if ever, to divide the property.[1]

We reverse and remand for further proceedings not inconsistent with this opinion.

NEAL and RATLIFF, JJ., concur.

---

1. We distinguish, of course, the situation where the parties enter into an agreement as to the disposition of their property. IC 31–1–11.5–10.