**In re the Marriage of Joseph T. KIRK, Appellant,**

v.

**Priscilla L. KIRK, Appellee.**

**No. 3–1081A267.**

Court of Appeals of Indiana, Third District.

April 27, 1982.

Lee J. Christakis, Gary, for appellant.

HOFFMAN, Presiding Judge.

Priscilla and Joseph Kirk were married May 2, 1964; separated on June 9, 1980; and their marriage was dissolved on May 22, 1981. Priscilla was granted custody of the two children born of the marriage. Joseph was ordered to pay $50 per week per child in child support along with all their reasonable medical, dental, pharmaceutical, and optical expenses. Joseph was granted the right of reasonable visitation with the children upon 24-hour notice to Priscilla.

Priscilla was awarded use of their home until their youngest child reaches age 21 or is emancipated, or until Priscilla remarries, cohabits with an adult male who is not a relative, or she expresses her desire, in writing, to live elsewhere, whichever comes first. At that time, the property is to be sold.

Both parties worked during their marriage. For the past fifteen years, Joseph had been an Indiana State policeman. Priscilla had worked approximately six years as a secretary, four years as a part-time clerk, and for the three years prior to the dissolution had established an insurance business.

The property was divided as follows:

| Award to Priscilla | | |
|---|---|---|
| | Value | Obligation |
| House | $42,918.00 (Approximately) | $12,733.00 (first mortgage) |
| Furniture | 2,500.00 | |
| 1979 Cadillac auto | 8,582.00 | 3,582.00 |
| Office furniture | 2,000.00 | |
| Insurance business | 3,200.00 | |
| Jewelry and personal items | 3,000.00 | |
| Lawn equipment | 3,500.00 | |
| Bank account | 600.00 | |
| TOTAL | $67,300.00 | $16,315.00 |

| Award to Joseph | | |
|---|---|---|
| | Value | Obligation |
| House | $34,500.00 | $8,418.00 (second mortgage) |
| Lake of Four Seasons lot | 16,000.00 | |
| Wisconsin acreage | 1,000.00 | |
| Sports equipment and personal items | 3,000.00 | |
| Bank account | 600.00 | |
| TOTAL | $55,100.00 | $8,418.00 |

In addition, Priscilla was ordered to pay off approximately $1,500 in family obligations, and Joseph was ordered to pay off approximately $1,800 in family obligations. Both parties were ordered to keep in full force and effect all life insurance policies currently held by them, with the children as sole beneficiaries.

Joseph brought this appeal wherein he raised the following issues for review:

(1) whether the trial court abused its discretion in not granting him specific visitation with the children;

(2) whether the trial court abused its discretion in granting Priscilla use of their home and freezing his interest in the home;

(3) whether the trial court abused its discretion in setting the amount of child support;

(4) whether the trial court erred in requiring the parties to keep in effect their life insurance policies with the children as beneficiaries; and

(5) whether the decision of the trial court in dividing the marital assets pursuant to IC 1971, 31–1–11.5–11 (Burns 1980 Repl.) is supported by sufficient evidence and is contrary to law.

With regard to the grant of reasonable visitation, Joseph argues that such an order is too indefinite to be enforced and cites the case of *Clark v. Clark* (1980), Ind.App., 404 N.E.2d 23, for support of his position.

What this Court said in *Clark* was that an order which granted visitation at the *convenience* of the child and the parties was too vague to support a finding for contempt of the order. "Reasonableness" is a term often used in settling disputes between parties and, in fact, is the standard set forth for visitation in IC 1971, 31–1–11.-5–24.[1] There was no evidence presented to the trial court that indicated Joseph encountered any problem in exercising his visitation right, however, should a problem arise, he can seek a modification of the order. At the time, the trial court made an appropriate provision for visitation and did not abuse its discretion in so doing.

Joseph alleges that the division of property was not just and reasonable as required by IC 1971, 31–1–11.5–11.[2] In particular,

1. "31–1–11.5–24 Visitation.—(a) A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation by the parent might endanger the child's physical health or significantly impair his emotional development.
(b) The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation might endanger the child's physical health or significantly impair his emotional development."

2. "31–1–11.5–11 Disposition of property.—(a) For purposes of this section, 'final separation' means the date of filing of the petition for dissolution of marriage under section 3 [31–1–11.5–3(a)] of this chapter.
(b) In an action pursuant to section 3(a) [31–1–11.5–3(a)] of this chapter, the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum, either in gross or in installments, as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.
In determining what is just and reasonable the court shall consider the following factors:
(1) The contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;
(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;
(3) The economic circumstances of the spouse at the time the disposition of property is to become effective, including the desirability of awarding the family residence

he argues the disposition of property, as set forth previously in this opinion, is misleading in that his interest in the home is frozen in amount and time, while Priscilla's interest may appreciate.

■ The statutory directive that the court shall divide the marital property in a just and reasonable manner does not require an equal division of property in a dissolution proceeding. *Cunningham v. Cunningham* (1982), Ind.App., 430 N.E.2d 809. The standard of review employed by the Court of Appeals in reviewing divisions of property in dissolution cases is whether the result reached is clearly against logic and the effect of facts and circumstances before the court, including reasonable inferences to be drawn therefrom. The trial court's determination will not be set aside as unjust or unreasonable unless it is clearly shown that there is no rational basis for its action. *Cunningham, supra.* Joseph has not persuaded us that such is the case here.

■ Joseph contends that in setting the child support award at $50 per child per week the trial court failed to consider his needs and the financial resources of both parties. All of the evidence which Joseph presents to support his position was also before the trial court. The award is not unreasonable and we must decline Joseph's offer to reweigh that evidence at this later date. *Cox v. Ubik* (1981), Ind.App., 424 N.E.2d 127.

■ Finally, Joseph submits that the trial court's order that he and Priscilla keep in effect all their currently held life insurance policies with the children as sole beneficiaries is contrary to law in that it is not a division of marital assets, but rather he contends it amounts to a disposition of future earnings.

IC 1971, 31-1-11.5-12(c) provides that the court may set aside a portion of the property of either parent or both parents, as may seem necessary and proper for the support of the child. By including the life insurance provision in the Kirks' decree, the trial court clearly had the children's support and best interest in mind. Should something unforeseeable happen to either parent, the life insurance proceeds could be used as support for the children. Being in the nature of support, that arrangement could of course be modified under the same circumstances as any support award.

No abuse of discretion by the trial court has been demonstrated by Joseph. The division of property was supported by the evidence and was not contrary to law. Therefore, the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.

or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;
(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property; and
(5) The earnings or earning ability of the parties as related to a final division of property and final determination .of the property rights of the parties.

(b) When the court finds there is little or no marital property, it may award either spouse a money judgment not limited to the existing property. However, this award may be made only for the financial contribution of one [1] spouse toward tuition, books, and laboratory fees for the higher education of the other spouse."