In re the Marriage of Ronald Alan CADDO, Petitioner-Appellant,

v.

Patricia May CADDO, Respondent-Appellee.

No. 3–284A33.

Court of Appeals of Indiana, Third District.

Sept. 27, 1984.

Donald E. Cochran, Valparaiso, for petitioner-appellant.

Jill Sisson, Kenefick, Brennan & Gilmore, Michigan City, for respondent-appellee.

GARRARD, Judge.

The trial court dissolved the marriage of Ronald (husband) and Patricia (wife) Caddo and awarded her custody of the parties' minor child.

In its division of property the court awarded the marital residence to the wife and awarded the husband $24,000, "[s]aid payment to be non-interest bearing until due and payable and to become due and payable upon the happening of the first of the following contingencies: Wife remar-

ries; The marital home is sold; or, The youngest child becomes emancipated."

The husband appeals. He asserts that as a matter of law it was an abuse of discretion for the court (1) to fail to award interest on the deferred payment; and (2) to fail to establish a fixed or ascertainable date upon which the payment to him would fall due.

The first contention has already been decided adversely to the husband. While the court may in its discretion require that interest be paid on deferred payments of property settlement, it need not do so. We will presume the court is aware of the time value of money and will take it into account in making its award. *Marriage of Merrill* (1983), Ind.App., 455 N.E.2d 1176; *Van Riper v. Keim* (1982), Ind.App., 437 N.E.2d 130.[1]

We are, however, constrained to agree with the husband's second assertion. It is the intent of the statute that property rights be settled with certainty at the time of the dissolution. *Wilhelm v. Wilhelm* (1979), Ind.App., 397 N.E.2d 1079. Accordingly, we have determined that where a deferred monetary award to one spouse is made contingent upon the other spouse's decision to sell the former marital residence,[2] the necessary certainty is not accomplished and the case must be remanded. *Marriage of McDonald* (1981), Ind.App., 415 N.E.2d 75; *Henderson v. Henderson* (1980), Ind.App., 401 N.E.2d 73.

In the case before us, the wife's choice to remarry or sell the home places the maturing of the debt in her discretion as in *McDonald* and *Henderson*. We, of course, understand the court's purpose to be that in the absence of those choices the debt should mature when the residence is no longer needed to provide a home for the parties' youngest daughter. We are con-

strained to agree, however, that expressing this contingency in terms of "emancipation" renders the judgment too uncertain to meet the statutory mandate as interpreted by *Wilhelm*.

Emancipation frees a child from the care, custody and control of his parents. *Stitle v. Stitle* (1964), 245 Ind. 168, 197 N.E.2d 174. While what constitutes emancipation is a question of law, whether there has been emancipation is a question of fact. *Brokaw v. Brokaw* (1980), Ind. App., 398 N.E.2d 1385. The emancipation of a child is never presumed, but must be established by competent evidence. *Brokaw, supra; Hayden v. Hite* (1982), Ind. App., 437 N.E.2d 133.

Furthermore, while the decisions may not employ the term "emancipation," it is clear that no emancipation occurs where due to illness or injury a child becomes so physically or mentally disabled that he cannot provide for himself but must remain at home with a parent. *Zakrocki v. Zakrocki* (1945), 115 Ind.App. 556, 60 N.E.2d 745; IC 31–1–11.5–12(d)(2).

Upon this basis we cannot say that the judgment provides a sufficiently ascertainable date or event upon which the debt to the husband matures.

The judgment is affirmed except as to that part of the order fixing the maturity of the money judgment found due the husband which we reverse and remand for further proceedings consistent herewith.

Affirmed in part; reversed and remanded in part.

STATON, P.J., concurs.

HOFFMAN, J., concurs in part and dissents in part and files separate opinion.

HOFFMAN, Judge, concurring in part and dissenting in part.

---

**1.** While a party may then argue that considering the present value of the deferred distribution and the other evidence applicable to the factors enumerated by IC 31–1–11.5–11 the property division fails to meet the "just and reasonable" mandate, no such argument is advanced in this case.

**2.** These decisions, as do we here, assume there is no contractual agreement between the parties calling for such a result.

I concur in the majority opinion to the extent that it affirms the trial court's failure to award interest on the deferred payment under issue one. *See, In re Marriage of Merrill*, (1983) Ind.App., 455 N.E.2d 1176; *Van Riper v. Keim*, (1982) Ind.App., 437 N.E.2d 130.

I dissent to the court's disposition of issue two. The majority fails to take notice of the clear and unequivocal language contained in the statute governing disposition of marital property, which provides as follows:

"(b) In an action pursuant to section 3(a) of this chapter, the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, *or by setting the same or parts thereof over to one (1) of the spouses and requiring either to pay such sum, either in gross or in installments, as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.*

In determining what is just and reasonable the court shall consider the following factors:

\*   \*   \*   \*   \*   \*

(3) the economic circumstances of the spouse at the time the disposition of the property is to become effective, *including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children*[.]" (Emphasis added.) IND. CODE § 31-1-11.5-11.

IND.CODE § 31-1-11.5-12 goes on to provide in part that:

"(c) *As part of such child support order the court may set apart such portion of the property of either parent or both parents, as may seem necessary and proper for the support of the child.*
(d) The duty to support a child under this chapter ceases when the child reaches his twenty-first birthday unless:

(1) the child is emancipated prior to his twenty-first birthday in which case the child support, except for educational needs, terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court; or

(2) *the child is incapacitated in which case the child support continues during the incapacity or until further order of the court.*" (Emphasis added.)

The majority opinion ignores the fact that these sections were designed to provide support for the parties' dependent children. The property division statute authorizes the trial court to award the family residence to the custodial parent for such periods as the court deems just. The child support statute indicates that the parental duty to support a child continues until that child becomes emancipated. The clear and unmistakable intent of the Legislature is to grant the custodial parent possession of the family residence in order to provide the parties' dependent children with continuous support in a secure and familiar environment. I believe that the trial court considered these factors and properly awarded the wife exclusive possession of the family home incident to her custody of the parties' minor child.

Under IND.CODE § 31-1-11.5-11(b)(3), the custodial parent may be awarded the family residence incident to the ongoing obligation to support dependent children. The duty to support continues until the children are emancipated. IND.CODE §§ 31-1-11.5-12 and 31-1-11.5-17(b); *Brokaw v. Brokaw*, (1980) Ind.App., 398 N.E.2d 1385; *Ross v. Ross*, (1979) Ind.App., 397 N.E.2d 1066. So long as the duty to support continues, the custodial parent may maintain exclusive possession of the family residence. *See generally, Divorce and Separation: Effect of Trial Court*

*Giving Consideration to Needs of Children in Making Property Division—Modern Status*, 19 A.L.R. 4th 239 (1983).

The majority confuses the need to settle property rights with certainty with the more important obligation of parents to support their children. It is permissible to grant the custodial parent use of the family home while "freezing" the non-custodial parent's interest in the home until the duty to support children is terminated by law. *Kirk v. Kirk*, (1982) Ind.App., 434 N.E.2d 571.

In *Kirk*, the wife was awarded custody of two minor children and exclusive possession of the family home. The husband received an interest in the home, to mature upon the occurrence of the first of the following events: the parties' youngest child reaches age 21 or is emancipated; the wife remarries, cohabits with an adult male who is not a relative; or the wife expresses her desire in writing to live elsewhere. The Court approved this award and its underlying conditions despite the fact that it froze the husband's interest in the home until a future point in time, not subject to precise calculation.

Although the majority ignores the *Kirk* holding, I believe it is controlling. In the case at bar, the husband was awarded a $24,000 cash judgment, payable upon the happening of the first of the following events: wife remarries; the marital home is sold; or the parties' daughter becomes emancipated. This provision is nearly identical in its particulars to that in the *Kirk* case, and its legal effect is the same. In either case, the husband's interest in the family residence is properly deferred until his duty to support terminates, unless one of the other conditions occurs first. This sort of provision is consistent with the letter and spirit of IND.CODE § 31–1–11.5–11, and does not indicate that the trial court abused its discretion.

The majority also misconstrues certain Indiana cases in arriving at the conclusion that the award is "too uncertain to meet the statutory mandate" set forth in IND. CODE § 31–1–11.5–11.

In *Wilhelm v. Wilhelm*, (1979) Ind.App., 397 N.E.2d 1079, the wife received an award of $126,000, payable in monthly installments, to terminate upon her remarriage. On appeal, the award was invalidated for the following reasons:

"A maintenance or alimony award is designed to help provide for a spouse's sustenance and support; therefore, conditions are often attached to these awards which permit their alteration in light of changes in circumstances. However, permitting the amount of property disposition to be altered due to subsequent circumstances would unmistakably thwart the purpose of such awards. The legislature's intent was to enjoin the court, at the time of dissolution, to settle all property rights with certainty. Dissolution contemplates a final separation of the parties and a final division of their property.

\* \* \* \* \* \*

In the case at bar, the trial court purported to award Jane Wilhelm a 'property settlement judgment' of $126,000.00, but made her receipt of this amount contingent upon her not remarrying. Thus, the order erroneously subjected her to a restriction which she was neither legally nor morally bound to perform. To diminish her property award because of a subsequent remarriage would manifestly prejudice appellant. The property settlement award is to be final, regardless of whether it is to be made by payment of a lump sum or payments in installments, or a transfer of property. 24 Am.Jur.2d, *Divorce and Separation* § 941 (1966). It should not be subject to modification as the circumstances of the parties change." 397 N.E.2d at 1081–1082.

The Court struck the award because it appeared to be alimony. That award improperly allowed for an alteration in the amount due to a change in circumstances; that being the wife's decision to remarry. Under *Wilhelm*, the property rights of the parties are settled with sufficient certainty and finality where the decree states a sum certain, ascertainable at the time of dissolu-

tion, which will be paid without regard to any change in circumstances between the parties.

In this case, there is no appearance of an alimony award, nor will the amount of the husband's award be altered due to a subsequent change in circumstances. The decree clearly meets the *Wilhelm* test for certainty.

The majority also attacks the trial court's award citing the cases of *In re Marriage of McDonald,* (1981) Ind.App., 415 N.E.2d 75; and *Henderson v. Henderson,* (1980) Ind. App., 401 N.E.2d 73. *McDonald* and *Henderson* are based upon identical facts. In both cases, the trial court ordered the family dwelling transferred to the wife. The husband was granted a monetary award, contingent upon the wife's decision to sell the home. In both cases the awards were invalidated on appeal. As stated by Judge Staton in the *McDonald* case, 415 N.E.2d at 79:

> "Dr. McDonald argues that it was improper of the trial court to provide him this contingent interest in the property while leaving to Mrs. McDonald's discretion when, if ever, such interest might be liquidated. He cites the recent case of *Henderson v. Henderson* (1980), Ind. App., 401 N.E.2d 73.
>
> His point is well taken. As this Court said in *Henderson, supra,* it is reversible error to delegate to one of the parties the power to decide when, if ever, to divide the property absent an agreement entered into by the parties as to the disposition of their property."

Under *McDonald* and *Henderson,* it is improper for the trial court to delegate to one of the parties, the power to decide when, if ever, to divide property.

The immediate case presents facts materially different from those cases cited by the majority. In the case at bar, the husband was not awarded a contingent interest in the property while leaving to the wife's discretion when, if ever, that interest should be liquidated. Instead, he received a vested interest in a sum certain, with the absolute right to possession upon the oc-

currence of an event certain to take place. He becomes entitled to his interest in the family residence when it is no longer used to support his dependent child. To my mind, this is exactly what the Legislature contemplated in devising the statute. For these reasons, I would in all respects, affirm the judgment of the trial court.