**In re the Marriage of John McKAY, Appellant–Respondent,**

**v.**

**Stephanie McKAY (now Cooke), Appellee–Petitioner.**

No. 34A02–9512–CV–763.

Court of Appeals of Indiana.

Oct. 18, 1996.

Mark A. Ryan, P.C., Kokomo, for Appellant.

J. Conrad Maugans, Ronald S. Todd, Bayliff, Harrigan, Cord & Maugans, Kokomo, for Appellee.

## OPINION

KIRSCH, Judge.

John McKay appeals the trial court's order requiring him to continue to pay child support for his nineteen-year-old son, Justin. Father raises one issue on appeal which we restate as follows: Whether the trial court erred in requiring Father to continue to pay child support after Justin turned eighteen.

We affirm.

### FACTS AND PROCEDURAL HISTORY

John McKay (Father) and Stephanie Cooke (Mother) had three children during the course of their marriage: John McKay, Jr., Joel McKay, and Justin McKay. The parties were divorced in 1984, and custody of the three boys was awarded to Mother. Father was awarded reasonable visitation and ordered to pay child support. Father exercised visitation with the boys from 1984 until 1987. In 1987, however, the relationship between Father and the boys became so strained that Father voluntarily relinquished his rights.

On several occasions, the court modified the Father's child support obligation because of a change in circumstances. On April 23, 1991, Mother filed a petition for modification of Father's support obligation. At that time, Father was obligated to pay the amount of

$112.00 per week for the support of Joel, who was eighteen years old, and Justin, who was fourteen years old (John Jr. was emancipated sometime in 1987). In the Petition, Mother requested that the support be modified to provide for Joel's college expenses. On August 21, 1991, a hearing was held to decide the Petition for Modification of Support. On September 10, 1991, the trial court entered its Order which provided in pertinent part that Father's support obligation for Joel and Justin would increase to $130.00 per week and that Father would be required to pay one-half of Joel's college tuition and fees.

After the trial court ordered modification of his support obligations, Father filed a Petition for Enforcement Of Visitation Rights And For Counseling Order in an attempt to initiate visitation with Joel and Justin. On December 6, 1991, the trial court conducted a hearing on Father's Petition. The Petition was subsequently denied; however, the trial court did order Joel and Justin to undergo an eight-week counseling session. After completing the counseling, the boys refused to visit with Father.

In the summer of 1991, Joel started college at Indiana University–Kokomo. He later transferred to Indiana University–Bloomington which greatly increased the expenses related to his college education. Thus, in 1993, both Father and Mother filed petitions for modification of the child support/educational expenses order and the petitions were joined. Father, as part of the action, again requested enforcement of his visitation rights. The trial court held a hearing on the matter, at which time Joel was twenty years old and considered an adult, and Justin was sixteen years old.

At the trial, both Joel and Justin testified that they did not want to have a relationship with Father. Father testified that it would be unfair to require him to contribute toward Joel's college education when Joel refused to have any relationship with him. Nevertheless, in its Findings of Fact and Conclusions thereon, the trial court denied Father's petition to have his visitation rights enforced, granted Mother's petition for support modification, and ordered Father to pay $150.00 per month directly to Joel during the school year for his college room and board expenses, and ninety-two dollars per week in child support for Justin.

Father appealed the trial court's decision regarding his obligation to pay Joel's college expenses. The appeal resulted in the published decision of this court, *McKay v. McKay*, 644 N.E.2d 164 (Ind.Ct.App.1994), which reversed the trial court's decision and held that: "Joel's repudiation of the father-son relationship has relieved Father of any further responsibility to contribute toward Joel's college education." *Id.* at 168.

On July 26, 1995, pursuant to Justin's turning eighteen years of age, Father filed a petition for modification of his support obligation. This time, Father requested a reduction in his support obligation on the grounds that Justin was eighteen years old and capable of supporting himself, that Father had not been contacted or consulted about any plans Justin may have had pertaining to obtaining a college education, that Justin failed and refused to maintain any contact or relationship with Father, and that Justin had repudiated the father-son relationship. Mother filed a response to Father's Petition denying a change of circumstances and stating that Justin was enrolled as a full-time student at DePauw University in Greencastle, Indiana, that Justin was unable to support himself, and that Justin was not emancipated.

The trial court conducted a hearing on September 26, 1995, during which the court heard testimony from Mother and Father. On September 29, 1995, the trial court, finding that there was no substantial change in circumstances and that Father failed to demonstrate that he was entitled to a termination of support, ordered Father to continue paying the ninety-two dollars per week in child support. Father now appeals.

### DISCUSSION AND DECISION

Father claims that the trial court erred by ordering him to continue to pay support for his eighteen-year-old son Justin. Father buttresses his argument by expatiating upon the complaint that his support payments are being used to provide completely for Justin's

college education,[1] Justin's out-of-pocket expenses for DePauw University, Justin's vehicle-related expenses, and Mother's living expenses. Father further argues that because Justin, as an adult, failed to establish a relationship with his Father, Father should not be required to provide any further financial assistance to Justin. Father's contentions prompt us to address two issues, and decide: 1) whether Father's child support obligation included providing for college expenses; and, 2) whether Justin was emancipated upon reaching the age of eighteen.

When reviewing a modification of child support, we will neither reweigh the evidence nor reassess the credibility of the witnesses and will not set aside the fact-finding of the trial court unless it is clearly erroneous. *Brancheau v. Weddle*, 555 N.E.2d 1315, 1317 (Ind.Ct.App.1990). We will reverse the trial court's decision only where there is a total lack of supporting evidence or the evidence is undisputed and leads solely to a contrary conclusion. *Id.*

When determining the amount a parent will pay for the support of a child, the trial court is guided by certain statutory provisions. *Barton v. Barton*, 640 N.E.2d 86, 88 (Ind.Ct.App.1994); *see also* IC 31–1–11.5–12, –12.1, –17, –17.1. According to the statutory provisions, the trial court must first determine the reasonable amount of support required to furnish the child's basic needs and to maintain the child's general welfare. IC 31–1–11.5–12(a). An order for child support is not based merely upon a rudimentary review of the parties' balance sheets. *Barton*, 640 N.E.2d at 88. All relevant factors including, but not limited to, a child's physical or mental condition and his or her educational needs must be considered by the court. *Id.* Having weighed the pertinent factors, the trial court may then order the amount of support necessary to provide adequately for the child. *Id.*

Second, after establishing an order for support under IC 31–1–11.5–12(a), a trial court may inquire into the appropriateness of including additional sums for the child's elementary, secondary, and post-secondary education. *Id.* at 88–89; IC 31–1–11.5–12(b). When considering whether additional sums for education should be included, the trial court's inquiry is more extensive than previously required. *Id.* at 89. For example, the support order must take into account the child's aptitude and ability and the ability of the parent or parents to meet these expenses. IC 31–1–11.5–12(b)(1). Where a trial court orders a parent to contribute to a child's college expenses, it does so only after making an independent analysis and a determination exclusive of that made pursuant to subsection (a). *Barton*, 640 N.E.2d at 89.

Here, the record discloses that the court's October 22, 1993 order required Father to provide only for support. The trial court stopped short of its authority to advance to the second level of inquiry contemplated in IC 31–1–11.5–12(b). The legislature delineated child support considerations that are common to all children and then provided a mechanism through which the special needs of a particular child could be addressed. *Barton*, 640 N.E.2d at 89. The two provisions, no matter how interrelated, are not interchangeable. *Id.* Nor can a determination pursuant to subsection (a) be transformed into a subsection (b) order for educational needs merely by wishing it so. *Id.* Consequently, in the instant case, the child support order which was before the trial court upon Father's petition to modify the support did not include additional sums for Justin's college expenses.

Having established that Father's support order required him to provide only for Justin's support and not for additional college expenses, we now turn our attention to whether Father was relieved of his obligation to provide support after Justin reached the

---

1. According to the financial aid statement provided by DePauw University, attending the University for one year, including tuition, room and board, and miscellaneous expenses and excluding any financial assistance, would have cost Justin $22,220. After receiving a financial aid package from the University, however, Justin was required to pay $6,954.00 in out-of-pocket expenses, $2170.00 more than the $4784.00 Father is required to pay per year in child support payments.

age of eighteen. The child support statute provides in part:

"(d) The duty to support a child under this chapter ceases when the child reaches twenty-one (21) years of age unless:

(1) the child is emancipated prior to reaching twenty-one (21) years of age in which case the child support, except for the educational needs outlined in subsection (b)(1), terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court;

(2) the child is incapacitated in which case the child support continues during the incapacity or until further order of the court; or

(3) the child:

(A) is at least eighteen (18) years of age;

(B) has not attended a secondary or post-secondary school for the prior four (4) months and is not enrolled in such a school; and

(C) is or is capable of supporting himself through employment;

in which case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist; however, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting himself or capable of only partially supporting himself, the court may order that support be modified instead of terminated.

(e) For purposes of determining if a child is emancipated under subsection (d)(1), if the court finds that the child:

(1) has joined the armed services;

(2) has married; or

(3) is not under the care or control of:

(A) either parent; or

(B) an individual or agency approved by the court;

the court shall find the child emancipated and terminate the child support."

IC 31–1–11.5–12(d), (e). Father contends that Justin has emancipated himself because he is eighteen years old, is capable or supporting himself, and has elected not to have a relationship with Father. According to Father, Justin's emancipation relieved Father of his obligation to continue paying child support.

The duty to provide payments for the general support expenses of a child does not terminate until that child reaches the age of twenty-one, unless that child has become emancipated at an earlier date, becomes incapacitated, or is at least eighteen years of age, not enrolled in school, and is or is capable of supporting himself. *See* IC 31–1–11.5–12(d), (e). Here, because testimony showed that Justin is enrolled in and attending classes at DePauw University, IC 31–1–11.5–12(d)(3) is not applicable and the determination of whether Justin is emancipated is therefore governed by IC 31–1–11.5–12(d)(1) and (e)(3).

 Emancipation frees a child from the care, custody and control of its parents. *Brokaw v. Brokaw*, 398 N.E.2d 1385, 1388 (Ind.Ct.App.1980). An emancipated child experiences a new relationship between himself and his parents, relieving the parents from the responsibilities of support. *Taylor v. Chaffin*, 558 N.E.2d 879, 882 (Ind.Ct.App. 1990). What constitutes emancipation of a minor child is a question of law, but whether there has been an emancipation is a question of fact. *Brokaw*, 398 N.E.2d at 1388. Emancipation of a child is never presumed, but must be established by competent evidence. *Id.*

Here, the evidence presented at the hearing indicates that Justin is enrolled in and attending DePauw University as a full-time student, living on campus. He had three jobs during the summer and a part-time job during the school year. The money he earned was used to pay for some of his college living expenses including gas for his car and incidentals. The transcript from the hearing further established that despite the money Justin earned during the summer and the school year, it was still necessary for his Mother to provide him with an additional $1700.00 to pay for the tuition and other college expenses not covered by the financial aid package. Although the evidence established some independence by Justin from his Mother, the overwhelming evidence showed that Justin still depended upon his Mother

for basic support and was not emancipated. Because of the custody order, Justin is not legally in the care or control of Father; because of the differences between them, he is also not emotionally in his care or control. Neither factor establishes Justin's emancipation. He remains within the care and control of Mother and is not emancipated. We, therefore, find that because the trial court's October 22, 1993 order requiring Father to pay support did not include an obligation to provide for college expenses, and because Justin is not emancipated Father must continue paying the child support obligation.

### CONCLUSION

In its findings, the trial court found that Justin was eighteen years old, that he graduated from high school in June, 1995, and that he entered DePauw University in August, 1995. The trial court also found that because of his school attendance, Justin was not capable of supporting himself through employment. These findings were supported by the evidence contained in the record. The trial court did not err in denying modification of Father's support payments.

Affirmed.

SULLIVAN, J., and RUCKER, J., concur.