Jane F. WILHELM,
Appellant-Respondent,

v.

Larry WILHELM, Appellee-Petitioner.

No. 2-478A133.

Court of Appeals of Indiana,
Fourth District.

Dec. 20, 1979.

Timothy J. Burns, Indianapolis, for appellant-respondent.

Henry Y. Dein, Indianapolis, for appellee-petitioner.

CHIPMAN, Judge.

Jane Wilhelm is appealing from a dissolution decree entered by the trial court November 23, 1977. She claims the trial court's disposition of marital assets was erroneous because: (1) the property settlement was in the nature of alimony and, therefore, unlawful, and (2) the placing of conditions subsequent upon the property award rendered the award modifiable contrary to *Ind.Code* 31–1–11.5–17. In appellant's motion to correct errors, her attack upon the trial court's award was confined almost exclusively to alleging the trial court in effect, erroneously awarded alimony rather than making the requisite division of property. Her second allegation of error was not raised and is, therefore, waived, Indiana Rules of Procedure, Appellate Rule 8.3, except insofar as the ability to modify her award may bear upon the question of whether the court improperly awarded alimony rather than making a final distribution of the marital property.

Because the property division is intended to unscramble the ownership interests in the marital estate by serving as a final, complete disposition of the parties' assets, we reverse.

Our review of the record discloses the trial court found the net worth of the marital assets at the time of dissolution was Four Hundred Fifty Thousand, Five Hundred Sixty-five Dollars and Sixty Cents ($450,565.60). In addition to certain specific items of property, the court awarded Jane Wilhelm the sum of One Hundred Twenty-six Thousand Dollars ($126,000.00) which, although cast under the rubric of being a "property settlement," resembles an alimony award. The trial court's order stated:

That in addition to the property above set out, the *wife is granted a property settlement judgment* in the sum of One Hundred, twenty-six thousand dollars ($126,000.00), that said lump sum award shall be paid in the following manner by the husband: Five hundred, twenty-five dollars ($525.00) per month beginning January 1, 1978, and each month thereafter until paid in full. Such monthly payments shall terminate upon Respondent's death and the Petitioner shall then be obligated to pay the then present value of the remaining balance to her estate, which payments shall be made in equal monthly installments over the remaining period. *Such payments shall also terminate in the event of Respondent's remarriage,* but such provision shall not be applicable during the first ten (10) years following entry of this decree. (emphasis added)

Jane Wilhelm challenges this decree by contending it is an unlawful award of alimony and, therefore, contrary to the Indiana Dissolution of Marriage Act. We agree.[1]

This award attempts to circumvent the express provisions found in the Dissolution Act as well as the legislature's purpose in enacting these statutes. Nothing in the Dissolution of Marriage Act lends itself to an interpretation that a spouse's receipt of their respective share of the marital estate may be conditioned upon future chastity after the dissolution. To permit Jane Wilhelm's property award to be diminished because she may choose to remarry, saddles her with an offensive restriction upon her personal activities and completely disregards the difference between property awards as opposed to alimony or maintenance.

Under our Dissolution of Marriage Act, the legislature adopted a concept of proper-

---

1. We note, appellant has questioned the propriety of the trial court ordering payments to terminate upon her death as well as the court's order regarding termination of payments in the event of her remarriage. She contends both provisions are indicative of an alimony award rather than a property division. Our opinion focuses upon the proviso making the total amount of marital property received by Jane contingent upon whether she remarries. We find no error in ordering that Larry Wilhelm's obligation to make payments to Jane will terminate upon her death since the court went on to order him to pay the balance of the obligation then due, to her estate. *Cf. White v. White,* (1975) Ind.App., 338 N.E.2d 749.

ty division distinctly separate from the concept of maintenance by adopting separate provisions for property division and maintenance. *Liszkai v. Liszkai*, (1976) Ind.App., 343 N.E.2d 799. The marital property is to be divided in light of the criteria set forth in *Ind.Code* 31–1–11.5–11, which provides:

In an action pursuant to section 3(a) [subsection (a) of 31–1–11.5–3], the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

In determining what is just and reasonable the court shall consider the following factors:

(a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties.

And maintenance is only to be permitted under very limited situations, pursuant to *Ind.Code* 31–1–11.5–9(c):

The court may make no provision for maintenance except that when the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of such incapacitated spouse to support himself or herself is materially affected, the court may make provision for the maintenance of said spouse during any such incapacity, subject to further order of the court.

A degree of flexibility was retained for maintenance awards, but the legislature sought to achieve finality in regard to the property division. *Ind.Code* 31–1–11.5–17(a); *Covalt v. Covalt*, (1976) Ind.App., 354 N.E.2d 766; *Alimony in Indiana Under No-Fault Divorce*, 50 Ind.L.J. 541 (1975); *see* Report of the Civil Code Study Commission, Proposed Dissolution of Marriage Act §§ 209 and 217 (1970). This approach is consistent with the purposes behind the respective awards.

■■■ A maintenance or alimony award is designed to help provide for a spouse's sustenance and support; therefore, conditions are often attached to these awards which permit their alteration in light of changes in circumstances. However, permitting the amount of property disposition to be altered due to subsequent circumstances would unmistakably thwart the purpose of such awards. The legislature's intent was to enjoin the court, at the time of dissolution, to settle all property rights with certainty. Dissolution contemplates a final separation of the parties and a final division of their property. "Their paths in life henceforth diverge, and, in legal contemplation, they are to each other as strangers." *Wolfe v. Wolfe*, (1976) 46 Ohio St.2d 399, 350 N.E.2d 413, 421. Consequently, their subsequent conduct should not alter their respective rights in the marital estate; these rights must be determined by a final distribution of property made at the time of dissolution.

■■■ In the case at bar, the trial court purported to award Jane Wilhelm a "property settlement judgment" of $126,000.00, but made her receipt of this amount contin-

gent upon her not remarrying. Thus, the order erroneously subjected her to a restriction which she was neither legally nor morally bound to perform. To diminish her property award because of a subsequent remarriage would manifestly prejudice appellant. The property settlement award is to be final, regardless of whether it is to be made by payment of a lump sum or payments in installments, or a transfer of property. 24 Am.Jur.2d, *Divorce and Separation* § 941 (1966). It should not be subject to modification as the circumstances of the parties change. *Newell v. Newell*, (1976) 237 Ga. 708, 229 S.E.2d 449; *Wallace v. Wallace*, (1974) 214 Kan. 344, 520 P.2d 1221; *In re Marriage of Johnsrud*, (1977) Mont., 572 P.2d 902; *Wolfe v. Wolfe*, (1976) 46 Ohio St.2d 399, 350 N.E.2d 413. To so provide, taints the award with the appearance of being alimony or maintenance. If Larry Wilhelm's obligation to pay money to Jane was ordered by the trial court as a means of equalizing the division of property, it was an integral part of the property settlement and, therefore, unlike alimony, should survive her remarriage.

We will not permit the trial court to make an award under the guise of a "property settlement" which circumvents the legislature's intent and the language of our Dissolution of Marriage Act. The judgment of the trial court regarding the disposition of the marital assets is, therefore, reversed.

MILLER, P. J., and YOUNG, J., concur.