Norma J. WHALEY, Appellant
(Petitioner Below),

v.

Donald M. WHALEY, Appellee
(Respondent Below).

No. 1–381A79.

Court of Appeals of Indiana,
Fourth District.

June 15, 1982.

Barbara B. Benson, Thomas A. Berry, Berry & Bridges, Bloomington, for appellant.

Robert D. Mann, Cotner, Mann & Chapman, Bloomington, for appellee.

MILLER, Presiding Judge.

Norma J. Whaley is appealing the trial court's distribution of property in a dissolution action. Since we find the trial court's award was an unlawful award of maintenance, we reverse.

### FACTS

On January 29, 1980 Norma filed a petition for dissolution of her marriage to Donald M. Whaley. After a hearing on November 10, 1980 the trial court entered a decree of dissolution, with findings of fact, distributing the marital property. The trial court first found the total value of the listed assets was $177,200. In dividing the property the court determined that the major assets, consisting of real estate and the business of Whaley Construction Company, should be retained by the husband. Since the total value of the property retained by Donald was $157,200 and the total retained by Norma was $20,000 the court found it necessary, in order to equalize the property distribution, to provide a cash payment to Norma. In accomplishing this, the court initially made the following finding:

"14. That pursuant to such division of marital property, the Wife is entitled to an adjustment of value in the amount of $137,200.00, and the Husband should pay the wife such sum in monthly installments over a period of 120 months, with the first monthly payment being due and payable on January 1, 1981. The Court further finds that the monthly installment payments should be non-interest bearing."

This portion of the court's findings were reflected in the judgment as follows:

"[5] IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that in order for an equal distribution of the marital property to be effected, a cash payment adjustment is required; and, that the Husband, Donald M. Whaley, should pay to the Wife, Norma Jean Whaley the sum of ONE HUNDRED THIRTY-SEVEN THOUSAND TWO HUNDRED DOLLARS ($137,200.00) to accomplish such adjustment. Commencing on January 1, 1981, the Husband is ordered to pay to the Wife the sum of $1,143.00; and the Husband shall continue to pay to the Wife the sum of $1,143.00 on the first day of each calendar month, up to and including the 1st day of November, 1990. On the first day of December, 1990, the Husband shall pay a final payment to the Wife in the sum of $1,183.00. All payments to be made pursuant to this Decree shall be made on a regular monthly basis, by cash or money order, through the office of the Clerk of Monroe County, Indiana. The Husband shall be required to pay the annual statutory docket fee as the same becomes due. The payments to be made pursuant to this decree shall not bear interest. No evidence was introduced as to the present value of monies to be received by the Wife in the future, periodically or otherwise; therefore, the Court has made no adjustment for present value of the future expectancy. *In the event the Husband should die during the next 120 months, the unpaid payments due and owing at the time of his death shall be a lien against the Husband's estate. In the event the Wife should die during the next 120 months, the Husband's obligation to pay monthly payments pursuant to this decree shall cease upon the Wife's death.*" (Emphasis added.)

On November 18, 1980 Donald filed a motion to correct errors pointing out the trial court's obvious miscalculation when it attempted to equalize the distribution of $177,200 by awarding Norma $20,000 plus payments of $137,200, totaling $157,200. The trial court granted Donald's motion on December 5, 1980 and entered the following amendments:

"(1) Paragraph numbered fourteen (14) of the Court's Findings of Fact should be amended to read as follows:

'14. That pursuant to such division of marital property, the Wife is entitled to an adjustment of value in the amount of

$68,600.00, and the Husband should pay the Wife such sum in monthly installments over a period of 120 months, with the first monthly payment being due and payable on January 1, 1981. The Court further finds that the monthly installments should be non-interest bearing.'

(2) Paragraph number five (5) of the Judgment entered in this cause under date of November 10, 1980, should be amended and corrected to read as follows:

'IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that in order for an equal distribution of the marital property to be effected, a cash payment adjustment is required; and, that the Husband, Donald M. Whaley, should pay to the Wife, Norma Jean Whaley, the sum of SIXTY–EIGHT THOUSAND SIX HUNDRED DOLLARS ($68,600.00) to accomplish such adjustment. Commencing on January 1, 1981, the Husband is ordered to pay to the Wife the sum of $570.00, and the Husband shall continue to pay to the Wife the sum of $570.00 on the first day of each calendar month, up to and including the first day of November, 1990. On the first day of December, 1990, the Husband shall pay a final payment to the Wife in the sum of $770.00. All payments to be made pursuant to the terms of this Decree shall be made on a regular monthly basis, by cash or money order, through the office of the Clerk of Monroe County, Indiana. The Husband shall pay the annual statutory docket fee as the same becomes due. The payments to be made pursuant to this decree shall not bear interest. *In the event the Husband should die during the next 120 month period, the unpaid payments due and owing at the time of his death shall be a lien against his estate. In the event the Wife should die during the next 120-month period, the Husband's obligation to pay monthly installment payments under this Decree shall terminate upon the death of the Wife.*" (Emphasis added.)

Based on the trial court's calculations, the amendment effected a distribution of $88,600 to both Norma and Donald.

Norma filed a motion to correct errors on January 8, 1981 alleging, *inter alia*, that the italicized portion of the decree, *supra*, effected an award of maintenance. Norma's motion to correct errors was denied and she perfected this appeal.

## DECISION

The trial court's judgment conditioned Norma's receipt of the full amount of the $68,600 cash award on her survivorship. Such a conditional award clearly constitutes an impermissible award of maintenance. A similar award was viewed as periodic alimony in *Hicks v. Fielman*, (1981) Ind.App., 421 N.E.2d 716 where a wife attempted to charge her husband's estate with the balance of a previous alimony award, payable in monthly installments of $600 arguing the award constituted alimony in gross (a sum certain payable in one or more monthly installments for property distribution purposes and thereby chargeable to the husband's estate) as opposed to periodic alimony (payable subject to some condition for support purposes and not chargeable to the husband's estate.) The award, however, was subject to reduction on the husband's retirement and termination on the wife's remarriage *or demise*. The Court rejected her characterization, finding the award was conditional and therefore periodic alimony or maintenance:

> "[The award] would describe alimony in gross had it made the payment of the $72,600 unconditional. Instead, 'all payments . . . shall cease upon the demise or remarriage of [the wife].' The imposition of conditions subsequent has made the amount to be paid uncertain indeed unascertainable. *See Wilhelm [v. Wilhelm*, (1979) Ind.App., 397 N.E.2d 1079.]"

*Id.* at 721. In *Hicks*, it is significant to note the award in question, determined by that Court to be maintenance, was *agreed upon* by the parties, pursuant to Ind.Code 31–1–11.5–10(a), and was therefore valid. *Id.* at 720.

Here there was *no agreement* for maintenance. We are therefore bound to

apply the general principles of the Dissolution Act which require that all marital property be divided between the spouses in one final settlement. *Hicks v. Fielman, supra.* Consequently, no portion of the distribution may be conditioned upon a change in circumstances. As explained in *Wilhelm v. Wilhelm,* (1979) Ind.App., 397 N.E.2d 1079:

> "The legislature's intent was to enjoin the court, at the time of dissolution, to settle all property rights with certainty. Dissolution contemplates a final separation of the parties and a final division of their property.... Consequently, their subsequent conduct should not alter their respective rights in ·the marital estate; these rights must be determined by a final distribution of property made at the time of dissolution."

*Id.* at 1081. In *Wilhelm,* we reversed a trial court's cash award to the wife payable in monthly installments but conditioned upon her not remarrying, holding:

> "To diminish her property award because of a subsequent remarriage would manifestly prejudice appellant. The property settlement award is to be final, regardless of whether it is to be made by payment of a lump sum or payments in installments, or a transfer of property. 24 Am.Jur.2d, *Divorce and Separation* § 941 (1966). It should not be subject to modification as the circumstances of the parties change. *Newell v. Newell,* (1976) 237 Ga. 708, 229 S.E.2d 449; *Wallace v. Wallace,* (1974) 214 Kan. 344, 520 P.2d 1221; *In re Marriage of Johnsrud,* (1977) Mont., 572 P.2d 902; *Wolfe v. Wolfe,* (1976) 46 Ohio St.2d 399, 350 N.E.2d 413. To so provide, taints the award with the appearance of being alimony or maintenance. If Larry Wilhelm's obligation to pay money to Jane was ordered by the trial court as a means of equalizing the division of property, it was an integral part of the property settlement and, therefore, unlike alimony, should survive her remarriage."

*Id.* at 1082. The trial court in the instant case expressly sought to equalize the property distribution by including a cash award. The obligation must survive her death.

■ As pointed out by Donald, in *Wilhelm* we did not find the trial court's discontinuance of monthly payments upon the wife's *death* constituted maintenance. However, in that case, the court's award additionally provided that upon her death the husband was "obligated to pay the then present value of the remaining balance to her estate, which payments shall be made in equal monthly installments over the remaining period." We specifically found this additional clause saved the condition of survivorship from an appearance of maintenance. We can not accept Donald's invitation to require the court in the instant case to modify its award to include a similar provision. We will not speculate regarding the trial court's intention to effect such a distribution. The cash award is an integral portion of the distribution, determined after considering a variety of factors pursuant to Ind.Code 31–1–11.5–11. Tampering with one portion of the award affects the balance of the trial court's distribution. We do not believe any one provision is severable, *see Wilhelm v. Wilhelm, supra,* and Donald has not provided us with any authority to the contrary.

Due to the conditional and uncertain nature of Norma's award, we are unable to address her additional contention that the court abused its discretion in the proportion of property awarded to her given consideration of the factors enumerated in IC 31–1–11.5–11. Although it is not necessary to our decision, we will, however, briefly comment on several other questions raised by Norma which will likely arise on remand.

■ First, we note Norma's objection to the trial court's alleged failure to discount the cash award to its present value when computing the total award to Norma. We recognize the more appropriate method for valuing an annuity is to discount to its present value. *Wilson v. Wilson,* (1980) Ind. App., 409 N.E.2d 1169; *Burkhart v. Burkhart,* (1976) 169 Ind.App. 588, 349 N.E.2d 707. In its initial award, quoted *supra,* the trial court expressly refused to make this

adjustment since no evidence was introduced regarding present value, although this entry does not appear in the final amended order. The omission of evidence on this point may be cured by judicial notice of annuity tables, or perhaps by inclusion of a provision for assessment of interest. *See Burkhart v. Burkhart, supra.* We assume, however, on remand Norma's attorney will provide competent evidence on this issue.

 Norma also challenges the valuation of the parties real estate, corporate stock in Whaley Construction Co. and cattle owned by the parties. We note there was conflicting testimony regarding the value of both the real estate and the corporate stock. Two appraisals assessed a market value on the real estate ranging from $107,265 to approximately $132,265. In view of this conflict, we do not find an abuse of discretion in the trial court's assessment of a net value of $116,000 after deducting the $9,000 mortgage balance. Similarly, we find the evidence supported the trial court's valuation of the parties interest in the stock at $37,500. Both parties agree this figure represented the book value for accounting purposes. Although Norma points out the company possessed assets valued at $500,000, the company's current liabilities totaled over $412,000. Similarly, we recognize the *gross income* for 1977 to 1979 averaged approximately $1,500,000, but the *net loss* of the company in 1979 was approximately $16,000, followed by a loss of over $60,000 in the first half of 1980. Under these circumstances, we find no abuse of discretion in the trial court's adoption of the stock's book value.

On the other hand, both parties agree the trial court apparently erred in its treatment of the parties' interest in the cattle. The average value assigned to the cattle was $11,600, one-half of which ($5,800) belonged to the parties (the other half belonged to their daughter). The trial court found Norma and Donald were entitled to equal shares or $2,900 each and specifically found: "That pursuant to the Husband's agreement, he should pay over to the Wife the sum of $2,900.00, as her mone-

tary interest in certain cattle sold by the Husband during the marriage." However, in its "recapitulation," computed before calculating the cash award due to Norma to equalize the award, the trial court only assigned $2,900 to Donald without any corresponding award or specific cash payment for this asset to Norma. On remand, the trial court will have the opportunity to reconsider this award.

Reversed.

CONOVER and YOUNG, JJ., concur.