**James E. HULL, Appellant,**

v.

**Charlotte G. HULL, Appellee.**

**No. 2–781A231.**

Court of Appeals of Indiana,
Second District.

June 23, 1982.

E. Kent Moore, Moore, Sandy, Moore & Deets, Lafayette, for appellant.

Lesley A. Meade, Hanna, Gerde & Meade, Lafayette, for appellee.

SULLIVAN, Judge.

Pursuant to a property settlement agreement between the parties, the trial court in its original decree of dissolution ordered James Hull as follows:

"The husband shall maintain a membership at the Lafayette Country Club for the wife and the children so that they may continue to use the Club. The husband shall pay for the expenses of the children and the wife shall pay for her charges with the exception of dues and assessments which the husband shall keep current for her."

At the time in question, the parties contemplated the continuance of a family membership. The dues for such membership were $80 per month. Over one year later, the country club advised that the by-laws required a membership in the wife's own name since she no longer resided in the member's (husband's) household. Charlotte Hull instituted a contempt proceeding to compel James to secure the appropriate membership for her. The trial court denied the contempt motion but entered an order to require James to:

"... obtain and maintain a membership in the Lafayette Country Club for the wife and the wife shall pay for her charges at such club with the exception of dues and assessments which dues and assessments the husband shall keep current for the benefit of the wife, ...."

On appeal James contends that the order constitutes a maintenance award in contravention of IC 31-1-11.5-9(c) which requires a finding of physical or mental incapacity. He is not deterred by his agreement to the country club membership provision of the original decree, contending that despite his agreement the original provision was invalid without a finding of incapacity.

Charlotte, on the other hand, argues that the order is not a maintenance award and that in any event the attack is a belated and impermissible attempt to modify the property settlement agreement as incorporated in the original decree.

Quite clearly, the property settlement agreement as incorporated in the original decree contemplated that James be responsible for a country club membership for Charlotte. We agree with James that the provision, because of its subject matter and continuing nature, is a provision for

maintenance and not property distribution. *See Hicks v. Fielman* (2nd Dist. 1981), Ind. App., 421 N.E.2d 716. James is incorrect, however, in his assertion that the trial court may not effectuate an agreement by the parties for maintenance without a determination of incapacity.

IC 31–1–11.5–10(a) provides:

"To promote the amicable settlements of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, the parties may agree in writing to provisions for the maintenance of either of them . . . ."

The provision is not in any way limited to circumstances of financial or physical incapacity. It gives the parties free rein to make such continuing financial arrangements as, in a spirit of amicability and conciliation, they wish. *Owens v. Owens* (1st Dist. 1981), Ind.App., 425 N.E.2d 222. Such agreements are binding upon the parties if approved by the trial court. *See Meehan v. Meehan* (1981), Ind., 425 N.E.2d 157.

Dissimilarly, the language of IC 31–1–11.-5–5—9 dealing with the court's authority to enter a maintenance award indicates a limitation upon the trial court's authority, i.e., only absent an agreement and if incapacity is found to exist. We so hold.

Therefore, and because the agreement for continuing country club membership for Charlotte was approved by the court and incorporated into the decree, the order appealed from is binding upon James.[1]

The judgment is affirmed.

BUCHANAN, C. J., and SHIELDS, J. concur.

---

1. James does not argue that because the circumstances were unchanged the order here appealed is an impermissible modification of the original decree provision. Accordingly we do not address that possibility.