David C. STEELE, Appellant (Plaintiff Below),

v.

DAVISSON, DAVISSON & DAVISSON, A Professional Corporation and Richard F. Davisson, Appellees (Defendants Below).

No. 1–1181A318.

Court of Appeals of Indiana, First District.

July 14, 1982.

Lawrence M. Reuben, Phillip V. Price, Atlas, Hyatt & Reuben, Indianapolis, for appellant.

Howard J. DeTrude, Jr., Peter G. Tamulonis, Kightlinger, Young, Gray & DeTrude, Indianapolis, for appellees.

ROBERTSON, Judge.

David C. Steele (Steele) appeals the granting of summary judgment entered on behalf of Richard F. Davisson (Davisson) and the professional corporation of Davisson, Davisson, and Davisson.

We reverse and remand.

Steele initiated an action for legal malpractice against Davisson alleging that Davisson failed to include a "termination upon remarriage" provision in the property settlement agreement between Steele and his ex-wife, Sharon K. Steele.

Davisson moved for summary judgment which the trial court granted. The trial court held that such a provision was unenforceable and therefore, that Steele had not been damaged.

When examining the granting of summary judgment, the reviewing court must determine whether there is a genuine issue of material fact and whether the law is applied correctly. The burden is on the moving party to establish that no genuine issue of material fact exists. Even if the facts are not in dispute, summary judgment is inappropriate where there is a good faith dispute as to the inferences to be drawn from those facts. *Ang v. Hospital Corporation of America*, (1979) Ind.App., 395 N.E.2d 441. All doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-movant and all facts asserted by the non-movant in affidavits, admissions, or by way of answers to interrogatories must be taken as true. *Johnson v. Wabash County*, (1979) Ind.App., 391 N.E.2d 1139.

In the present case, Steele alleges that he had specifically requested Davisson to incorporate language into the property settlement agreement which provided that Steele's maintenance payments to Sharon would terminate if she remarried. Steele further alleged that Davisson advised him that such provisions are unenforceable, and that the only way to accomplish this goal would be through an oral agreement.

Davisson argues that the trial court properly ruled that termination of remarriage clauses are against public policy and unenforceable. Davisson relies upon the decision of *Wilhelm v. Wilhelm*, (1979) Ind.App., 397 N.E.2d 1079 to support his argument. In *Wilhelm*, this court held that the trial court's inclusion of a termination clause in distributing the marital property constituted a contingency, and therefore, the property settlement was not a final distribution of the marital assets. *Wilhelm* is distinguishable from the present case because *Wilhelm* involved a contested divorce whereas the Steeles' divorce was not contested.

Although a trial court may order maintenance only after a finding that a spouse is incapacitated pursuant to Ind. Code 31–1–11.5–9(c), the parties may enter an agreement for maintenance. *Hicks v. Fielman*, (1981) Ind.App., 421 N.E.2d 716. *See also, Whaley v. Whaley*, (1982) 436 N.E.2d 816. The statute also allows parties to enter maintenance agreements. Ind. Code 31–1–11.5–10(a) provides:

> To promote the amicable settlements of disputes that have arisen or may arise between the parties to a marriage attendant upon the dissolution of their marriage, the parties may agree in writing to the provisions for the maintenance of either of them . . . .

This section empowers the parties to make continuing financial arrangements as they wish. *Hull v. Hull*, (1982) 436 N.E.2d 841.

We do not believe that where the parties voluntarily enter into a property settlement agreement, the inclusion of a termination upon remarriage provision violates public policy. Such a provision was included in the property agreement in *Hicks v. Fielman, supra*. In *Hicks*, the court opined that our legislature intended the taxpayers of Indiana to avail themselves of the deductions contained in Section 71 of the Internal Revenue Code. The Internal Revenue Service officially recognizes termination upon remarriage provisions, in its regulations, as a contingent payment qualifying for a deduction. Treas.Reg. § 1.71–1(a)(3)(i) (1957). Logic dictates that the legislature intended our taxpayers to take full advantage of all deductions pursuant to Section 71. The trial court erred by ruling that a termination upon remarriage agreement is unenforceable where the parties voluntarily entered into the agreement.

Steele has asserted that he specifically requested a termination upon remarriage provision be included in the property

settlement agreement and that Davisson gave him incorrect advice concerning this provision. Davisson's version of the facts differ greatly from Steele's assertions.[1] The standard of review for summary judgment requires this court to accept all facts asserted by the non-movant as true. *Johnson v. Wabash County, supra.* Bound by this standard, we conclude that Steele has presented a genuine issue of fact concerning the advice he received. The trial court therefore erred in granting summary judgment. In holding that the trial court erred, we are not expressing any opinion of the validity of Steele's complaint, but merely hold that summary judgment was inappropriate because of the existence of a factual controversy.

Davisson raises additional reasons why the trial court's judgment should be affirmed. Steele's deposition reveals that the amount of the maintenance payment was artificially high in order to create a larger tax deduction. Steele admits that a portion of the maintenance award was actually money for the support of his children and that he does not know what portion of the "maintenance" payment constitutes child support payment. Davisson argues that Steele cannot prove his damages. The trial court did not base its ruling on this issue and our review of this issue is inappropriate at this time.

 Davisson also argues that Steele was not harmed by the failure to include the provision in the property settlement agreement because Steele has twice sought modification of the settlement agreement. While subsequent modification of the agreement could be a factor to mitigate damages in the present case, the provisions of Ind.Code 31–1–11.5–10(c) establish very limited conditions for modification by a court. An order as to the property division entered pursuant to IC 31–1–11.5–10 may

not be modified except as the agreement itself may prescribe or the parties may subsequently consent. *Owens v. Owens,* (1981) Ind.App., 425 N.E.2d 222. The failure to include a provision in the agreement could readily affect a party's right to modification pursuant to this section. We remain unpersuaded that Steele's attempts at subsequent modification rendered any alleged negligence by Davisson as harmless.

We reverse and remand for further proceedings consistent with this opinion.

RATLIFF, P. J., and NEAL, J., concur.

---

1. Davisson contends that he confronted Steele with various possibilities concerning when the termination clause would take effect and that with all of the possible contingencies that he could not guarantee that the property settlement agreement would be approved by the trial court. Although the deposition of Sharon K. Steele appears to corroborate Davisson's version of the facts, the trial court, in ruling on a motion for summary judgment, may not decide the questions of fact. *Central Realty, Inc. v. Hillman's Equipment, Inc.,* (1969) 253 Ind. 48, 246 N.E.2d 383.