**Millard HARRIS, Appellant–Respondent,**

**v.**

**Maike HARRIS, Appellee–Petitioner.**

No. 49A04–9612–CV–517.

Court of Appeals of Indiana.

Jan. 23, 1998.

Elizabeth A. Gamboa, Richard A. Mann, Indianapolis, for Appellant–Respondent.

Gary L. Griffiths, Indianapolis, for Appellee–Petitioner.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Millard Harris appeals from an order of property distribution and child support in a marital dissolution action instituted by Maike Harris. Maike cross-appeals the trial court's distribution of marital assets. We affirm in part, reverse in part, and remand in part.

### ISSUES

I. Whether the trial court erred in its distribution of marital assets.

II. Whether the trial court abused its discretion in ordering Millard to pay $95 per week in child support.

### FACTS

Millard and Maike Harris were married on July 19, 1975. Two children were born of the marriage, a son born on June 3, 1978 and a daughter born on June 2, 1988. On November 20, 1995, Maike filed a petition for legal separation, which was subsequently converted to a dissolution of marriage petition.

A final hearing was held on March 27, 1996. The physical custody of the children was not disputed, and the trial court awarded Maike physical custody of the daughter and Millard physical custody of the son. The court determined that the marital estate consisted of the following assets:

| | |
|---|---:|
| Marital residence | $ 9,000 |
| Furniture & household goods | 3,000 |
| 1988 Mercury Sable | 3,000 |
| 1978 Oldsmobile Delta | 200 |
| 1973 Chevrolet truck | 200 |
| 2 old race cars/hauler | 400 |
| Tools & equipment | 2,000 |
| Stein collection | 150 |
| Baseball card collection | 100 |
| Washer & dryer | 400 |
| Husband's 401(k) | 6,599 |
| Total Assets | $25,049 |

The trial court found the following marital liabilities:

| | |
|---|---:|
| Target credit card | $233 |
| Sears credit card | 221 |

| | |
|---|---|
| Montgomery Ward credit card | 164 |
| Total Liabilities | $618 |

The trial court found that there should be an equal division of the marital assets and debts. Maike was awarded the marital residence, the furniture, and the 1988 Mercury Sable for a total of $15,000. With respect to the marital residence, the order reads as follows:

> That while it questioned [Maike's] ability to maintain the debt associated with the marital residence, the same is awarded for the benefit of raising the parties' eight year old daughter who will reside with [Maike]; . . .
>
> That if Wife is delinquent in paying the mortgage on the marital residence for a period of two (2) months, or if a foreclosure action is threatened, the marital property shall revert to Husband upon petition to the Court. Wife shall within 48 hours notify Husband of any delinquency in payment of the mortgage. Wife shall pay all expenses associated with the marital residence.
>
> That in order to effectuate a 50:50 division of the property, yet while providing a safe residence for the parties' daughter, Husband shall be granted a marital judgment property lien against the marital residence in the sum of $2,500.00. In the event that upon petition, the marital residence is ordered to Husband, Wife similarly will be granted a marital judgment property lien against marital residence in a like amount.
>
> Husband shall quitclaim his interest in the marital residence within (10) days of the date of this decree. Wife shall hold Husband harmless and indemnify Husband, including reasonable attorney fees, for any action thereon.

(R. 41–42). Maike was also ordered to pay the Target and Sears credit card debt. The trial court awarded Millard the remaining assets and the $2,500 judgment lien on the marital residence and ordered him to pay the Montgomery Ward credit card debt.

With respect to child support, the Court found that Millard earns $690.52 per week, that Maike earns $270 per week, and that $30 was needed for child care for the daugh-ter. The court then ordered Millard to pay $95 per week for child support.

## DECISION

### I. Marital Estate

#### a. Final Disposition of Marital Property

On appeal, Millard contends, and Maike agrees, that the trial court committed reversible error in failing to make a final disposition of the marital property. Specifically, both parties complain that the property division is contingent upon Maike's future financial circumstances and ability to pay the mortgage payments for the marital residence.

■ The trial court must dispose of all the marital property in one final settlement. *Riddle v. Riddle*, 566 N.E.2d 78, 81 (Ind.Ct. App.1991), *trans. denied.* No part of the distribution may be conditioned upon a subsequent change in circumstances. *Id.* Both parties cite *Whaley v. Whaley*, 436 N.E.2d 816 (Ind.Ct.App.1982), wherein this court reversed a cash award which was conditioned upon the wife's survival and which was to be reduced upon the husband's retirement. We indicated that the parties' respective rights in the marital estate should not be conditioned upon their conduct subsequent to the dissolution. *Id.* at 820. We noted that the trial court sought to equalize the property distribution by including a cash award, but concluded that the obligation must survive the wife's death. *Id.*

Similarly, in *Wilhelm v. Wilhelm*, Ind. App., 397 N.E.2d 1079 (1979), we reversed a trial court's cash award to the wife payable in monthly installments which would end upon her decision to sell the house or remarry. We noted that to diminish the property award because of a subsequent remarriage would manifestly prejudice the rights of the recipient spouse. *Id.* at 1082.

■ Like *Whaley* and *Wilhelm*, the trial court's order in the present case is less than a final distribution of marital assets. The trial court questioned Maike's ability to maintain the debt associated with the marital residence but awarded her the residence for

the benefit of raising the parties' eight year-old daughter. The trial court's order provided that "if [Maike] is delinquent in paying the mortgage on the residence for a period of two (2) months, or if a foreclosure action is threatened, the marital property shall revert to [Millard] upon petition of the Court." (R. 42). In order to effectuate an equal distribution of the marital property, the trial court granted Millard a marital judgment property lien of $2,500 against the residence. In the event that Millard petitioned the court, the court would then order the marital residence to Millard and would grant Maike "a judgment property lien against the marital resident in a like amount." (R. 42). The order is less than a final distribution of the marital assets because the parties' ultimate possession and interest in the marital residence is contingent upon Maike's ability to continue to make monthly payments for the residence. We therefore reverse and remand for a final, complete disposition of the parties' assets. *See Wilhelm.*

### b. *Property of Marital Estate*

■ Although we reverse and remand for a final disposition of marital assets, we must nevertheless address Maike's contention on cross-appeal that the trial court erred in excluding the employer-contribution portion of Millard's 401(k) retirement plan. She contends that a matching contribution is "an asset that should have been discounted for the contingency of termination but still considered in the evaluation of all assets in the marital pot." Maike's Brief at 13. Maike neglects to provide any citation to authority in support of this contention or a cogent argument on this issue. Thus, consideration of this issue has been waived. Ind.Appellate Rule 8.3(A)(7); *Quick v. State,* 660 N.E.2d 598, 601 (Ind.Ct.App.1996), *reh'g denied.*

■ Waiver notwithstanding, the evidence revealed that Millard contributed to a 401(k) retirement plan, and his employer matched fifty percent of the amount Millard contributed. However, Millard's interest in the employer-contributed portion of his 401(k) plan was contingent upon his retirement at the company. Thus, Millard's interest was not vested in the employer-con-

tributed portion of the retirement plan. An unvested interest in property is not divisible as a marital asset. *Hacker v. Hacker,* 659 N.E.2d 1104, 1107 (Ind.Ct.App.1995). We therefore find no error.

### c. *Just and Reasonable Division of Marital Estate*

■ On cross-appeal, Maike also contends that the trial court abused its discretion in ordering an equal distribution of marital assets. Maike contends that she should have been awarded a greater division of the marital estate considering her duties in raising the children during Millard's absence during military service, Millard's current superior earning capacity, and Millard's nearly vested military retirement plan. However, Maike did not argue to the trial court that she should be awarded a greater distribution of marital assets. To the contrary, she presented evidence to the trial court that an equal distribution of assets was just and reasonable. Maike's proposed property division recommended a nearly even division of the marital assets and the trial court's order appears to generally mirror her proposal. On appeal, a party may not request relief for which she made no claim to the trial court. *Tomahawk Village Apartments v. Farren,* 571 N.E.2d 1286, 1292 (Ind.Ct.App.1991).

■ Maike also requests that we remand with instructions for the trial court to conduct an evidentiary hearing regarding the current value of Millard's military pension, which will apparently be vested by the time this cause is remanded to the trial court.

■ Under Ind.Code § 31–1–11.5–11, a marital estate subject to division includes "property of the parties, whether owned by either spouse *prior* to the marriage, acquired by either spouse in his or her own right *after* the marriage and *prior to final separation* of the parties, or acquired by their joint efforts." (emphasis added). Final separation refers to the date of filing of the petition for dissolution of marriage. *Id.*

Here, it is undisputed that Millard possessed only an unvested property interest in his military pension plan at the time of final separation of the parties. Because an un-

vested interest in property is not divisible as a marital asset, the military pension plan was properly excluded from the marital estate. *See Hacker,* 659 N.E.2d at 1107; *see also Kirkman v. Kirkman,* 555 N.E.2d 1293, 1294 (Ind.1990). The trial court need not place a current value on this asset on remand because it is not property of the marital estate. *See* I.C. 31–1–11.5–11.

## II. *Child Support Obligation*

■ Millard next contends that the trial court erred in calculating his child support obligation. The trial court awarded physical custody of the son to Millard and awarded physical custody of the daughter to Maike. The trial court's order regarding child support reads, in pertinent part, as follows:

> That Husband is currently employed, working three (3) jobs including his military service and earns; that purposes of child support calculation earns $690.52 per week; that Wife for purposes of child support calculations earns $270 per week; that following the Commentary of the Indiana Child Support Guidelines as it relates to split custody, taking into account a $30.00 per week child care expense by Wife, Husband shall pay the sum of $95.00 per week for child support, via a wage withholding order through his employer. No evidence was presented concerning insurance premiums for health insurance for the children which is deductible for purposes of calculating child support.

(R. 39).

Millard argues that the trial court's order fails to take into account the split custody arrangement of the parties' two children and does not reduce his support obligation to Maike by her support obligation to him. Maike "agrees with [Millard]'s arguments in principle with respect to split custody arrangements" and acknowledges the statute regarding "how the child support obligations are offset by the respective custodial parents." Maike's Brief at 16.

■ A trial court's calculation of a child support obligation pursuant to the child

support guidelines is presumptively valid. *Marmaduke v. Marmaduke,* 640 N.E.2d 441, 443 (Ind.Ct.App.1994), *trans. denied.* Reversal of a trial court's child support order is merited only where its determination is clearly against the logic and effect of the facts and circumstances. *Id.* A deviation from the Indiana Child Support Guidelines will be affirmed if it is supported by proper written findings justifying the deviation. *Kinsey v. Kinsey,* 640 N.E.2d 42, 44 (Ind. 1994). Ind.Child Support Guideline 6 provides additional commentary to assist courts in the application of the guidelines with respect to split custody situations. This commentary reads in part as follows:

> In those situations where each parent has physical custody of one or more children (split custody), it is suggested that support be computed in the following manner:
>
> 1. Compute the support a father would pay to a mother for the children in her custody as if they were the only children of the marriage.
>
> 2. Compute the support a mother would pay to a father for the children in his custody as if they were the only children of the marriage.
>
> 3. Subtract the lesser from the greater support amount.
>
> 4. The parent who owes the greater amount of support pays the difference computed in step 3, above.

Child Supp.G. 6.

Here, the trial court noted that it followed this commentary for calculating Millard's child support obligation. However, the record reveals that the trial court failed to properly follow the steps as set out in the guidelines. The child support obligation worksheets submitted to the trial court do not reflect that the trial court computed the support Maike would pay to Millard for the son in his custody. Thus, the trial court failed to reduce Millard's support obligation for the daughter to Maike by this amount. We must therefore reverse and remand to recalculate Millard's support obligation.[1]

---

**1.** Maike states that she intends to file a second petition for a hearing on emancipation and that

"[i]n the event that the son should be declared emancipated, the issue before this Court as to

Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.

BARTEAU and STATON, JJ., concur.

reversible error on the order for child support would be rendered moot." Appellee's Brief at 17. We note that a successful assertion of emancipation will be deemed effective as of date of emancipation, rather than of date of the filing of petition. *Donegan v. Donegan*, 605 N.E.2d 132, 133 (Ind.1992).